

# The Attorney General of Texas

August 5, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
County Attorney
Harris County Courthouse
1001 Preston, Suite 634
Houston, Texas  77002

Opinion No. MW-358

Re:  Registration of cattle
brands under article 6899j,
V.T.C.S.

Dear Judge Driscoll:

You have asked three questions concerning article 6899j, V.T.C.S., which provides in pertinent part:

> Section 1.  (a)...In all...counties each owner of any livestock mentioned in Chapter 1 of Title 121 of the Revised Civil Statutes of 1925 shall within six months after this Act takes effect have his mark and brand for such stock recorded in the office of the county clerk of the county.  These owners shall record the marks and brands whether the brands and marks have been previously recorded or not.
>
> . . . .
>
> (d) Immediately upon the taking effect of this Act the county clerk of the county shall have this Act published in some newspaper of general circulation in the county for a period of thirty days.  The publication shall be paid for by the county out of the general county fund.
>
> Sec. 2.  All clerks in re-registering brands shall comply with Articles 6890 through 6899, inclusive, of the Revised Civil Statutes of Texas, 1925, as amended, and with Section 1, Chapter 273, Acts of the 41st Legislature, 1929, as amended (Article 6899a...), and shall also be aware of and comply with Articles 1484, 1485, and 1486 of the Penal Code of Texas, 1925 [see now articles 6997a, 6890c, 6898a].

> Sec. 3. All brands and marks registered
> under the provisions of this Act shall be
> re-registered every 10 years in the manner
> prescribed in Section 1 of this act.

Article 6899j became effective on August 30, 1971.

Your questions are as follows:

1. Under article 6899j, is a county clerk required to notify the owner of cattle brands of the expiration date at the end of the ten year period?

2. Does section 3 of article 6899j require a county clerk to publish notice as required in section 1(d), or did that provision only apply when the act initially took effect?

3. Does a county clerk have any responsibility to note in the cattle brand book that such brand has expired and/or has been renewed?

Article 6899j—in particular, the section 3 requirement that marks and brands registered under the article be reregistered every ten years—was the subject of Attorney General Opinion MW-289 (1980). In that opinion, we reconciled this requirement with the requirement set forth in article 6890, V.T.C.S., that new owners of livestock record their marks and brands with the clerk of the county in which their livestock are located. We pointed out that to construe the section 3 requirement as applying only to owners who registered marks and brands within six months of August 30, 1971, would lead to an anomalous result. Those owners would be obliged to reregister every ten years, while pursuant to article 6890, new owners who first record marks or brands after that time would not have to reregister them. We therefore concluded that the most sensible interpretation was that:

> Article 6899j, V.T.C.S., requires that all
> marks and brands registered prior to August 30,
> 1981, must be reregistered within six months of
> that date, and that the reregistration process
> must be repeated at subsequent ten-year intervals
> for then-current owners.

With respect to your first question, neither article 6899j nor the other statutes mentioned in section 2 thereof suggest that county clerks must notify owners of the expiration date of their registration. We therefore answer your first question in the negative.

The answer to your second question depends upon the meaning of the underlined portion of section 3, which states that "All brands and

marks...shall be <u>reregistered</u> every 10 years <u>in the manner prescribed in Section 1 of this act.</u>" (Emphasis added.) On the one hand, it can reasonably be argued that the reference to section 1 does not apply to the publication requirement set forth in section 1(d) but instead applies only to the method and consequences of reregistration itself. See §§1(a)-(c). This view gains some support from the fact that section 1(d) provides that "<u>Immediately upon the taking effect of this Act</u> the county clerk...shall have this Act published..." (Emphasis added.) This provision suggests that the publication requirement existed only when article 6899j first took effect in August, 1971.

In a brief submitted to this office, however, it is argued that the legislature must have intended the reference to section 1 to apply to the entire section, including section 1(d), because the clear purpose of section 3 is to ensure maximum public participation in the reregistration process. The brief points out that a livestock owner would be as unlikely to be cognizant of the need to reregister ten years later as he was of the need to register within six months of August 30, 1971. Also, requiring notice of the reregistration requirement to be published every ten years is a relatively inexpensive way to ensure public awareness of it.

The law is settled that statutes are to be construed with reference to their manifest object. If statutory language is susceptible of two constructions, one of which will carry out and the other defeat that object, it should receive the former construction. <u>Citizens Bank of Bryan v. First State Bank of Hearne</u>, 580 S.W.2d 344 (Tex. 1979). We conclude that the views expressed in the brief referred to above are correct, and that the legislature intended the reference to section 1 to apply to the entire reregistration process, including the section 1(d) publication requirement. In this context, it should be noted--to carry the argument set out above one step further--that new owners who first record their brands or marks after the six-month period following August 30, 1971, has expired would be even less likely to be aware of the reregistration requirement than those owners who registered during that period. We therefore conclude that county clerks are required to publish notice of the reregistration requirement every ten years as provided in section 1(d) of article 6899j.

With respect to your third question, article 6899j contains no such requirement. However, section 2 thereof provides that, when reregistering brands, clerks must comply with articles 6890 through 6899. Article 6898 provides that:

> The clerks of the county courts in their respective counties shall keep a well bound book, in which they shall record the marks and brands of each individual who may apply to them for that purpose, <u>noting in every instance the date on which the brand or mark is recorded.</u> (Emphasis added.)

Acts 1971, 62nd Leg., ch. 886, p. 2721, which relates to the microfilming of records by counties, see article 1941(a), V.T.C.S., provides in section 2 that all laws or parts of laws in conflict with it are repealed to the extent of conflict, including article 6898. However, we do not believe the repealer applies to the underlined portion of article 6898, because it does not conflict with the requirements of the microfilming act. We therefore conclude that county clerks are obliged to note the dates on which brands or marks are recorded.

## S U M M A R Y

Article 6899j, V.T.C.S., does not require county clerks to notify owners of cattle brands of the expiration date of their registration at the end of each ten year period. Section 3 of article 6899j requires county clerks to publish the notice required in section 1(d) every ten years. County clerks are obliged to note the dates on which brands or marks are recorded.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood
Peter Nolan